HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SZ DJI TECHNOLOGY CO LTD, et al.,

Plaintiffs,

v.

AUTEL ROBOTICS USA LLC, et al.,

Defendants.

CASE NO. C17-776 RAJ

ORDER

This matter comes before the Court on Defendants' motion to dismiss and to transfer this action to the District of Delaware. Dkt. # 13. Plaintiffs voluntarily dismissed Defendant Autel (USA), Inc., thereby mooting the motion to dismiss. Dkt. # 24. Plaintiffs oppose the motion to transfer. Dkt. # 22. For the reasons that follow, the Court **GRANTS** the motion to transfer.

The district court has discretion to adjudicate motions to transfer according to an individualized case-by-case consideration of convenience and fairness under 28 U.S.C. § 1404(b). *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Section 1404(a) requires that (1) the district to which defendant seeks to have the action transferred is one in which the action might have been brought, and (2) the transfer be for

ORDER- 1

the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a).

The parties agree that Plaintiffs could have brought this case in Delaware. As such, the Court need only decide whether transfer to Delaware is convenient for the parties and witnesses, and is in the interest of justice. 28 U.S.C. § 1404(a). "The interest of justice factor is the most important of all." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261 (W.D. Wash. 2005). Defendants met their burden to show that the interest of justice weighs in favor of transfer. The Court finds particularly persuasive the issue of the parties' pending case in Delaware dealing with similar allegations of infringement of the same X-Star unmanned air vehicles (UAVs). *See Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) (finding that § 1404(a) allows "inseparable parts of one single 'civil action'" to be tried in a "single 'civil action' in a court where it 'might have been brought.'") (citations omitted). The court in Delaware is already navigating patent infringement claims regarding the identical UAVs in this matter, and judicial economy favors consolidating these patent cases.

The Court does not find that other factors—such as those regarding convenience of parties or witnesses—weigh against transfer. Moreover, Plaintiffs are not residents of Washington, and even if they were, their choice of forum is not accorded absolute deference. *Amazon.com*, 404 F. Supp. 2d at 1260 ("Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum.").

///

///

///

///

///

///

Therefore, the Court **GRANTS** the motion to transfer. Dkt. # 13. Due to Plaintiffs' voluntary dismissal of Defendant Autel (USA), Inc., Defendants' motion to dismiss is **MOOT**. The Court directs the Clerk to transfer this matter to the United States District Court for the District of Delaware. The Clerk shall close the file and notify the Clerk of Court in that district.

Dated this 22nd day of February, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge